IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MICHAEL A. GLOVER, | : |
| **Plaintiff** | : |
| VS. | : |
| | : CIVIL No: 4:23-CV-00066-CDL-MSH |
| Deputy Warden LITIHA BURKS, *et al.*, | : |
| **Defendants** | : |

## ORDER

*Pro se* Plaintiff Michael A. Glover, a prisoner at Phillips State Prison in Buford, Georgia, has filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. However, a review of the Court's records reveals that the above-captioned civil action is duplicative of another complaint filed by this Plaintiff. *See Glover v. Burk,* 4:23-cv-00019-CDL-MSH. In both complaints, the Plaintiff asserts § 1983 claims about retaliation through disciplinary procedures and his medical care while he was incarcerated at Rutledge State Prison. *Compare* ECF No. 1 *with* ECF No. 1 in *Glover v. Burk,* 4:23-cv-00019-CDL-MSH. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative" of another active case. *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000). "[A] suit is duplicative … if the parties, issues, and available relief do not significantly differ between the two actions." *IA. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). Because the pleadings in the present civil action allege the same claims as a pending civil action, the present

action is **DISMISSED** as duplicative. Plaintiff cannot file any other pleadings under this civil action number 4:23-CV-00066-CDL-MSH.

Lastly, Plaintiff is cautioned that "[a]ccess to the courts is unquestionably a right of considerable constitutional significance," but it is "'neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants." *Id.* Accordingly, "district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Id.* These restrictions may include but are not limited to dismissals for abuse of the judicial process (which qualify as strikes under 28 U.S.C. § 1915(g)) or a monetary penalty or a prohibition against future *pro se* filings pursuant to Rule 11 of the Federal Rules of Civil Procedure.

The Court is currently in the process of conducting its preliminary screening of Plaintiff's complaint in *Glover v. Burk,* 4:23-cv-00019-CDL-MSH as mandated by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A(a). Plaintiff must restrain from filing duplicative suits and motions as he has done here.

**SO ORDERED**, this **26th** day of **April, 2023**.

                                            S/Clay D. Land_____
                                            CLAY D. LAND, JUDGE
                                            UNITED STATES DISTRICT COURT